John OWENS, Appellant,

v.

VULCAN MATERIALS COMPANY, Appellee.

Supreme Court of Tennessee.

Dec. 3, 1973.

**88**

Joseph L. Lackey, Jr., Lackey, Harwood & Alexander, Nashville, for appellant.

John Lee Williams, Porch, Peeler & Williams, Waverly, for appellee.

## OPINION

DYER, Chief Justice.

This is a workmen's compensation case requiring a construction of Chapter 125, Public Acts of 1961, now codified as a paragraph of sub-section (c) of T.C.A. § 50–1007. This statute reads as follows:

For serious disfigurement to the head, face or hands, not resulting from the loss of a member or other injury specifically compensated, so altering the personal appearance of the injured employee as to materially affect his employability in the employment in which he was injured or other employment for which he is then qualified, sixty-five per cent (65%) of the average weekly wages for such period as the court may determine, not exceeding two hundred (200) weeks. *The benefit herein provided shall not be awarded in any case where the injured employee is compensated under any other provision of the Workmen's Compensation Law.* (Emphasis supplied).

Appellant-employee in the course and scope of his employment suffered an injury to his right hand and disfigurement to his right ear, arising out of the same accident. Suit was filed to recover benefits due for permanent partial disability to the hand and also to recover benefits under the disfigurement statute above.

Upon the trial the chancellor awarded benefits based upon ten per cent permanent partial disability to the hand, and this award is not an issue here. Nor are medical expenses an issue, the employer has paid the statutory maximum. The chancellor found, however, that under a proper construction of the last sentence of the disfigurement paragraph of T.C.A. § 50–1007(c), the employee who had received benefits for permanent partial disability to the hand could not receive benefits for dis-

figurement to the ear. The correctness of the chancellor's construction is the one issue before us.

On this issue there are no prior cases in Tennessee either in point or otherwise persuasive.

The *disfigurement statute* was introduced in the General Assembly as House Bill No. 204, with an identical companion bill in the Senate, Senate Bill No. 191. This legislation, as introduced, did not contain the last sentence in question here, nor did it restrict the payments of benefits for disfigurement to the head, face and hands. The House, with a minor amendment not pertinent to the issue here, passed the bill as introduced. In the Senate the bill was amended to restrict disfigurement payments to the head, face and hands and to add the last sentence. The House then passed the bill as amended in the Senate. This amended bill then became Chapter 125 of the Public Acts of 1961, the source of the present dispute.

█ We think the Legislature by enactment of this statute, disregarding the sentence in controversy, for the moment, intended benefits be paid for disfigurement as follows: First, benefits would be paid only for disfigurement of the head, face and hands. Second, the Legislature by the use of the language "not resulting from the loss of a member or other injury specifically compensated," disallowed benefits for disfigurement of the head, face and hands where, from the same accident, the disfigurement benefits claimed are for disfigurement of that same member for which benefits are paid as a scheduled injury under T.C.A. § 50–1007. For example, in this case there is a compensable injury to the hand, a scheduled member for which benefits are payable. If the hand was also disfigured from this same accident, no benefits for disfigurement would be payable since the specifically compensable injury and disfigurement were to the same limb or location on the body. It was no doubt the intent of the Legislature to prevent duplication of benefits in this situation.

The appellee-employer neither agrees nor disagrees with the above construction of this statute absent the last sentence but argues that it was the intention of the Legislature by use of this last sentence to deny the payment of compensation for disfigurement when the employee receives benefits under any other provision of the compensation Act, regardless of the nature, severity or location of the non-disfiguring injury. This means, according to the appellee's interpretation of the sentence, that the location of the disfiguring injury is irrelevant where there is any other specifically compensable injury arising from the same accident. Accepting this construction the chancellor was correct in not allowing benefits for disfigurement of the ear since the employee from the same accident received a compensable injury to his hand.

We think this statute viewed as a whole, keeping in mind its obvious purpose is to allow compensation for serious disfigurement to enumerated areas of the body, contains an ambiguity. As we have noted in this opinion, by the first sentence of this statute the Legislature has limited disfigurement benefits to prevent a duplication. By this second sentence the Legislature, then, either intended to greatly broaden these limitations or to re-emphasize the limitations of the first sentence. Therein lies the ambiguity. Study of the legislative history of this enactment and of the language used in the paragraph itself are not conclusive in resolving this ambiguity. We must, therefore, look for its meaning within the context of the workmen's compensation law as a whole.

█ T.C.A. § 50–918 reads as follows:

The rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of the Workmen's Compensation Law, but the same is declared to be a remedial statute which shall be

given an equitable construction by the courts to the end that the objects and purposes of this law may be realized and attained.

Under this mandate we think the proper equitable construction of this statute is that a disfiguring injury is noncompensable only in that instance where it and some other compensable injury result from the same accident at the same point on the body, but is compensable where the two injuries are distinct and at different locations. We hold the last sentence merely re-emphasizes the limitations of the preceding sentence.

The judgment of the chancellor disallowing benefits for alleged serious disfigurement to the ear is reversed; otherwise, the judgment is affirmed. The cause is remanded for a determination of benefits due, if any, for disfigurement of the ear.

CHATTIN, McCANLESS and FONES, JJ., concur.

LEECH, Special Judge, not participating.